FILED
2016 May-17  PM 02:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARL CONAWAY,** | ) | |
| **SANDI CONAWAY** | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **CV-2016** |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES LLC,** | ) | |
| **TRANSUNION RISK ADVISORY** | ) | |
| **INC.,** | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS INC.,** | ) | |
| | ) | |
| **DEFENDANTS.** | | |

## COMPLAINT

COME NOW the Plaintiffs, by and through counsel, in the above styled cause, and for their Complaint against the Defendants, Equifax Information Services LLC, TransUnion Risk Advisory, Inc., and Experian Information Solutions, Inc., and in support thereof state as follows:

### Jurisdiction & Venue

1.     This is an action brought by a consumer for violations of the Fair Credit Reporting Act[1] [hereinafter "FCA"]). This action arises out of Defendants'

---

[1] Any reference to the Fair Credit Reporting Act or any part thereof encompasses all relevant parts and subparts thereto.

violations of the Fair Credit Reporting Act (FCRA) (15 U.S.C. § 1681 et seq., out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendants. Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

2.      This action is also brought under Federal and Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests. Personal jurisdiction exists over Defendants as they had the necessary minimum contacts with the State of Alabama and this suit arises out of their specific conduct with Plaintiff in Alabama.  All the actions described in this suit occurred in Alabama.  Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

3.      Venue is proper in this Court under 28 U.S.C. Section 1391(b) as a substantial part of the events giving rise to the claim took place in this Judicial District and Defendant is subject to personal jurisdiction in this Judicial District. Venue is proper as Plaintiff lives in Alabama and the Defendants do business in this judicial district.

4.      The Plaintiffs, Carl and Sandi Conaway ["Plaintiffs" or "the Conaways"], are natural persons who reside in Talladega County Alabama at 200 Truitt Road Sylacauga Alabama 35150.

5.      Defendants, Equifax, TransUnion, Experian, ["Defendants"] are foreign companies that engages in the business of providing consumer credit reports and scores (i.e. a reporter under the FCRA) and they do business in this Judicial District. Their principle places of business are outside the State of Alabama.

6.      All Defendants refused to remove the entry of an improperly reported judgment from Plaintiffs' credit reports as the credit reporting agencies refused to follow the Court Order despite numerous disputes and evidence of their improper reporting.

7.      Defendant Equifax Information Services, LLC, ("Defendant" or "Equifax") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of Georgia and it is incorporated in Georgia.

8.      Defendant Experian Information Solutions, Inc., ("Defendant" or "Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in

this Judicial District.  Its principal place of business is the State of California and it is incorporated in Ohio.

9.      Defendant TransUnion Risk Advisory, Inc. ("Defendant" or "TransUnion") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of Illinois and it is incorporated in Delaware.

## FACTUAL ALLEGATIONS

10.     The Plaintiffs were sued by Stephen Conaway in the District Court of Talladega County Alabama in 2010 related to a Contract dispute filed by Stephen W. L. Conaway Sr. and his son, Stephen W. L. Conaway, Jr.  The Plaintiffs lost the case in the district court (DV-2010-900003) and a judgment was entered against them.  The District Court judgment against the Plaintiffs was $4,200.00

11.     The Plaintiff exercised their legal right to appeal that district court judgment for a trial *de novo* to the Circuit Court of Talladega County Alabama.  On December 3, 2013 Circuit Judge Julian King ruled in favor of the Plaintiffs and vacated the district to court judgment.  The Circuit Court judgment was not appealed and became final on January 15, 2014.

12.     In March of 2014 the Plaintiffs noticed that the district court judgment was still appearing on their credit reports despite that judgment having been overturned and vacated by the Circuit Court.

13.     On March 27, 2014, Plaintiffs filed a dispute with the Defendants regarding the judgment being on their credit report and faxed the Circuit Court Judgment to the credit reporting agencies (Defendants).  A short time later, after receiving the dispute, the credit reporting agencies (Defendants) advised the Plaintiffs that the judgment was being removed from their credit reports.

14.     Sometime in August 2014, again noticed that the judgment was still appearing on all of their credit reports with all three Defendants.  This time, Plaintiffs hired an attorney to official write a letter to the Defendants disputed the reported judgment and again asking that it be removed.

15.     In September 2014, Ms. Conaway called and spoke to someone at one of the agencies and that they said the judgment was valid and that they it would not be removed for seven years.

16.     This bogus judgment that the Defendants refuse to remove from the Plaintiffs credit files and reports continues to damage their credit ratings and scores.  As a result of this inaccurate reporting by the Defendants, the Plaintiffs have been damaged and have been unable to obtain credit due to

their damaged credit scores resulting from the Defendants continuous

inaccurate reporting.

17. Despite the Plaintiffs continually disputing the inaccurate information with

the Defendant reporting agencies, the Defendants have failed and refused to

take proper action or to investigate the dispute and resolve it.

18. After the Circuit Court vacated the district court judgment, the Plaintiffs

sent multiple letters to Defendants Equifax, Experian, and Trans Union

requesting an investigation of the judgment that still appeared on Plaintiffs'

credit reports.  Plaintiffs repeatedly requested that the judgment be deleted.

Defendants, Equifax, Experian, and Trans Union were not concerned and

did not care about what the state court did in the case as Defendants

Equifax, Experian, and Trans Union did not intend to perform a reasonable

investigation.

19. Defendants, Equifax, Experian, and Trans Union did not perform any type

of reasonable investigation.   Defendants Equifax, Experian, and Trans

Union failed to properly investigate and failed to review all the relevant

information provided by the Plaintiffs.  This includes notification that the

state court entered an Order in favor of Plaintiffs on December 3, 2013

which Plaintiff provided a copy of to the Defendants.   Defendants failed to

properly investigate this dispute because if Defendants had properly

investigated, the judgment would have been removed or deleted from the

Plaintiff' credit reports and credit files.

20.     Several examples of the lack of investigation are listed below.  On

December 9, 2015, Plaintiff again disputed the inaccurate reporting to all

three Defendants, but they did nothing to correct the problems.  On January

12, 2016, Plaintiff again filed a dispute with the three Defendants.  Again

all three failed to act or correct the situation.  Finally on April 14, 2016,

Plaintiffs again dispute the reporting of the bogus judgment and asked that

the Defendant remove the judgment from their credit reports.  Again, the

Defendants failed to act and failed to correct the inaccurate reporting.  All

Defendants were provided with more than sufficient information in the

dispute and in their own internal sources of information to conduct an

investigation and to conclude that the account complained of was being

reported incorrectly.

21.     Defendants Equifax, Experian, and TransUnion have previously proclaimed

that they are obligated to rely upon whatever the public records state about

a consumer.  These same Defendants Equifax, Experian, and Trans Union,

however, refused to rely upon what the state court judge actually said – – an

Order for Plaintiffs.   These Defendants refused to read the Order or they

read the Order and then chose to ignore it.  The Order in favor of Plaintiffs

means that plaintiff have no judgment against them and do not owe any

money regarding said judgment.   The state court ruling was a final judgment.  This final judgment was not appealed.  There is no avenue for appeal of this judgment as the time to appeal has passed.  Despite this knowledge, Defendants Equifax, Experian, and TransUnion have completely abdicated their obligations under federal and state law and have instead chosen to merely do whatever they want to do.

22.   Defendants Equifax, Experian, and TransUnion have a policy to favor the creditor rather than what the consumer or what the state court says about a debt.   Defendants have a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiffs, who do not owe the alleged debt.  That reason is to keep false information on the credit report.  The false information consists of a balance shown as owed or charged off when Defendants know no money is owed.

23.   All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiffs' disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

24.     At all relevant times the Defendants Equifax, Experian, and Trans Union
        failed to maintain and failed to follow reasonable procedures to assure
        maximum possible accuracy of Plaintiffs' credit reports, concerning the
        account in question, violating 15 U.S.C. § 1681e(b) and state law.

25.     These violations occurred before, during, and after the dispute process
        began with the consumer reporting agencies.   Defendants Equifax,
        Experian, and TransUnion have failed to maintain Plaintiffs, the Conaways'
        accounts with maximum accuracy and these Defendants have failed to
        properly investigate the account in response to the disputes made by the
        Conaways.

26.     The conduct of the Defendants have proximately cause the Plaintiffs past
        and future monetary loss, past and future damage to Plaintiffs' credit
        worthiness, past and future mental distress and emotional anguish, and
        other damages that will be presented to the trier of fact.  I

27.     It is a practice of all of the Defendants to maliciously, willfully, recklessly,
        wantonly and/or negligently ignore and refuse to follow the requirements of
        the FCRA and state law.  All Defendants are sophisticated businesses and
        they know their conduct is wrong.  For example, Defendants have been
        sued for this identical misconduct in Alabama.  All actions taken by the
        Defendants were done with malice, were done willfully, and were done
        with either the desire to harm Plaintiffs and/or with the knowledge that their

actions would very likely harm Plaintiffs and/or that their actions were taken in violation of the FCRA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

28. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.  Defendants are liable to Plaintiffs through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees and agents.  Plaintiffs have suffered actual damages as a result of these illegal actions by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.  Defendants Equifax, Experian and

TransUnion are "consumer reporting agencies," as codified at 15 U.S.C. § 1681a(e).

30.  Plaintiffs, the Conaways notified Defendants Equifax, Experian and Trans Union directly of a dispute on their credit reports.   Defendants failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiffs, the Conaways' disputes.

31.  Plaintiffs alleges that at all relevant times Defendants Equifax, Experian and Trans Union  failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b). Plaintiffs, the Conaways allege that all Defendants failed to conduct a proper and lawful reinvestigation.  For example, Defendants were given notice that the suit resulted in a victory for Plaintiffs, the Conaway, but Defendants apparently failed to review the Order, the court file or contact the court or contact counsel for the Plaintiffs.  Other examples will become apparent once discovery is commenced.

32.  All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiffs, and/or with the knowledge that their actions would very likely harm Plaintiffs, and/or that their actions were taken in violation of the FCRA and state law,

and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT II
## INVASION OF PRIVACY

33.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein. Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings: Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a) (emphasis added). Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes: It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis

12

added).  Defendants intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

34.    Defendants intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of credit reporting this debt thereby invading and intruding upon Plaintiffs' right to privacy.  Plaintiffs had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.  The conduct of Defendants, in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.  As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.  All acts of Defendants were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT III

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS

35.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as previously stated herein.  Defendants' agents or employees are allowed and encouraged to break the law.  Defendants are aware of the wrongful

conduct of its employees or agents.  Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent employees or agents, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV
## NEGLIGENCE, WANTONNESS, & DEFAMATION

36.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.  Defendants intentionally published false and defamatory information related to the Plaintiffs' account.  Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Conaway as set forth in this Complaint.  This includes the initial reporting of the account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.  Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.  It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff Conaway.  Defendants invaded the privacy of Plaintiff Conaway as set forth in Alabama law, including publishing false information about the

Plaintiffs, Conaways' personal financial obligations.  The Defendants acted with intentional, reckless, or wanton conduct in reporting this false information.  Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to Defendants Equifax, Experian and Trans Union.  As a result of this conduct, action, and inaction of all Defendants, Plaintiff Conaway has suffered damages as set forth in this Complaint.

**PRAYER FOR RELIEF**

**Plaintiffs demand a trial by jury as to all issues.**

RESPECTFULLY SUBMITTED:

/s/ Kenneth James Lay
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 323-4123
Fax:(205) 776-2040
Attorney for Plaintiffs